THE DAISY.[1]

*(District Court, D. Massachusetts.* November 27. 1886.)

1. ADMIRALTY—JURISDICTION—PRINCIPAL AND AGENT—SUIT FOR POSSESSION OF VESSEL.

A suit for possession will lie in the admiralty at the instance of the real owner of a vessel, whose agent has, by fraud or mistake, secured the insertion of his own name as part owner in the bill of sale. A court of admiralty is not bound to treat as a trust a title obtained by fraud or mistake, or one which the holder is estopped from setting up as against the party seeking relief. Vendees of the agent, buying with notice, stand in the shoes of the vendor.

2. ESTOPPEL—PRINCIPAL AND AGENT—TITLE TO VESSEL.

An agent who, by fraud or mistake, obtains the insertion of his own name as part owner of a vessel in the bill of sale, will be estopped from setting up this title as against his principal, in a suit for possession, if the latter is, in point of fact, the real owner.

Admiralty. Action *in rem* for possession.
*E. P. Carver* and *H. Dunham,* for libelant.

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

*C. T. Russell, Jr.*, for claimants.

NELSON, J. This was a cause of possession. The libelant, Allen Cameron, bought of T. L. Mayo & Co., in August, 1885, the fishing sloop Daisy, paid the agreed price, and took from them a writing acknowledging the receipt of the money in full payment, and promising to give a bill of sale at a subsequent date. He on the same day received from the vendors delivery and possession of the sloop, at South Boston. Cameron afterwards sent one James Howard to Mayo & Co. to receive the promised bill of sale. Howard went as directed, but took from Mayo & Co. a bill of sale made out to himself and Cameron jointly, conveying to each of them one-half of the sloop, and had it recorded at the custom-house. Cameron's purchase was made at the request of Howard, and it was agreed between them that Howard should employ the sloop in fishing, and divide the profits with Cameron. Howard continued to use the sloop in his business of fishing until July, 1886, when he conveyed the half standing in his name to one Fallon, and on September 24, 1886, Fallon conveyed it to the respondent, Michael Bradshaw.

The respondent denies the jurisdiction of the court to decree possession to Cameron, and insists that his only remedy is in a court of equity. Whether the bill of sale was given in the joint names of the parties, through a mistake of Mayo & Co., or, as the libelant maintains, was procured in that form by the fraudulent representations of Howard, is immaterial to the question. It was not made in that form with the knowledge or consent of Cameron, the real purchaser. He had a right to expect a conveyance to himself alone, and supposed he had one until he learned to the contrary, about the time of the sale to Fallon. The property in the vessel undoubtedly passed to him on its delivery, before the bill of sale was made; and though perhaps Howard acquired, by the conveyance, a title which he might have transferred to a purchaser without notice of Cameron's interest, he certainly got none as against his employer, Cameron. It does not lie in Howard's mouth to set up a title obtained either through his own fraud, or by a mere mistake of third parties, against the real owner, for whom he was acting as a mere servant or agent. In the case of *The Taranto*, 1 Spr. 170, Judge SPRAGUE decreed possession to the owners against an agent, where the title had been taken in the agent's name with the owner's consent; and in the case of *The Fannie*, 8 Ben. 429, before Judge BENEDICT, the libelant recovered, though the record title was in the name of the respondent.

Neither Fallon nor Bradshaw got, by their conveyances, any better title than Howard had. It is apparent from the evidence that they both bought with notice of Cameron's claim, and that their connection with the transaction was merely to assist Howard in defrauding Cameron. Though a court of admiralty has not the jurisdiction of a court of equity, to enforce direct trusts relating to real or personal

property, it is not bound to treat as a trust a title obtained by fraud, or mistake, or one which the holder is estopped to set up against the party seeking relief.

The libelant is entitled to a decree for the possession of the vessel. Ordered accordingly.